IN RE: INQUIRY CONCERNING A JUDGE, NOS. 194 AND 204 SUSAN O. RENFER, RESPONDENT

No. 498A96-2

(Filed 5 December 1997)

**Judges, Justices, and Magistrates § 38 (NCI4th)— district court judge—falsifying court documents—censure**

A district court judge's admitted acts of falsifying official court documents by the false entry of guilty pleas without the knowledge of defendants constituted willful misconduct in office as well as conduct prejudicial to the administration of justice that brings the judicial office into disrepute and would have warranted removal from office. However, the Judicial Standards Commission's recommendation of censure is accepted in light of the judge's acknowledgment of wrongdoing, her resignation from office, and her agreement not to hold future judicial office in North Carolina.

**IN RE RENFER**

[347 N.C. 382 (1997)]

**Am Jur 2d, Judges § 84; Public Officers and Employees § 193.**

**Removal or discipline of state judge for neglect of, or failure to perform, jucidial duties. 87 ALR4th 727.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), entered 26 August 1997, that the respondent, Judge Susan O. Renfer, a Judge of the General Court of Justice, District Court Division, Tenth Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of Canons 1, 2 and 3 of the North Carolina Code of Judicial Conduct. Calendared in the Supreme Court 20 November 1997 and considered on the record without oral argument or submission of briefs.

ORDER OF CENSURE.

On 17 July 1997, respondent, her attorneys, and special counsel for the Commission entered into a stipulation determining as fact evidentiary matters as follows: Respondent presided over the 21 September 1995 Session of District Court, Wake County, at which she made handwritten entries of "guilty" in the cases of two individuals who previously indicated their intent to enter pleas of "not guilty." Respondent presided over the 28 March 1995 Session of District Court, Wake County, at which she attempted to have a defendant plead guilty with the knowledge that defendant was represented by counsel and that said counsel was not present in court. Respondent presided over the 3 April 1996 Session of District Court, Wake County, at which she sentenced a defendant to a forty-five day active sentence but refused to credit defendant with jail time served pending disposition as required by law. Finally, respondent admitted that she had "made statements and taken actions, in and out of court, that could be considered by some as less than patient, dignified, and courteous to attorneys, witnesses, litigants, and court personnel." The stipulation concluded with respondent acknowledging that her conduct would be prejudicial to the administration of justice that could bring the judicial office into disrepute and that such conduct could be interpreted to be in violation of Canons 1, 2 and 3 of the Code of Judicial Conduct.

Respondent waived formal hearing of the matters and agreed to accept a recommendation of censure by the Judicial Standards

Commission on the matters set forth in the stipulation. The Commission, in turn, agreed to dismiss all charges not addressed in the stipulation.

By letter to the Governor dated 17 July 1997, respondent submitted her resignation effective 8 August 1997 and stated, "I will not be seeking reelection to any judicial office and will not act in any judicial capacity within the State of North Carolina following my resignation." Special counsel subsequently advised the Commission that Judge Renfer "had resigned her judicial office effective 8 August 1997 and had stated in her resignation that she would not seek reelection to judicial office or act in any judicial capacity in the State of North Carolina thereafter." On 26 August 1997, the Commission entered its recommendation of censure in accordance with the stipulation.

N.C.G.S. § 7A-376 sets forth the grounds for removal or censure of a judge: ·

> Upon recommendation of the Commission, the Supreme Court may censure or remove any judge for willful misconduct in office, willful and persistent failure to perform his duties, habitual intemperance, conviction of a crime involving moral turpitude, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

N.C.G.S. § 7A-376 (1995). In proceedings pursuant to this section, this Court does not act in its usual role as an appellate court, but rather as a court of original jurisdiction. *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). The legislature intended for this Court to be guided by the North Carolina Code of Judicial Conduct in defining the meaning of this section. *In re Nowell*, 293 N.C. 235, 243, 237 S.E.2d 246, 252 (1977). The resignation of a judge and its acceptance by the Governor neither deprives this Court of jurisdiction over a proceeding for removal nor limits the sanctions available. *Peoples*, 296 N.C. at 148-49, 250 S.E.2d at 912-13.

In the present proceeding, respondent has, *inter alia*, acknowledged the commission of the acts of falsifying official court documents by the false entry of guilty pleas without the knowledge of defendants. This is clearly willful misconduct in office, as well as conduct prejudicial to the administration of justice that brings the judicial office into disrepute, both within the meaning of N.C.G.S. § 7A-376. While this conduct is such that warrants removal, due to

respondent's acknowledgment of wrongdoing, her resignation from office, and her agreement not to hold future judicial office in North Carolina, the Commission's considered recommendation of censure is accepted.

Now, therefore, pursuant to N.C.G.S. §§ 7A-376, 7A-377(a), and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that Judge Susan O. Renfer be and she is hereby censured.

By order of the Court in Conference this the 4th day of December 1997.

ORR, J.
For the Court